1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8
9 Richard Clifford Lazar,                )     No.  CV-13-02192-PHX-JAT (SPL)
                                          )
10                          Petitioner,    )     **REPORT AND RECOMMENDATION**
                                          )
11 vs.                                     )
                                          )
12 Jon Gurule,                             )
                                          )
13                          Respondent.    )
                                          )
14 _____ )
15
16 TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:
17          Petitioner Richard Clifford Lazar (A034-391-652), while confined in the Pinal
18 County Jail in Florence, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2241 for a
19 Writ of Habeas Corpus by a Person in Federal Custody on October 28, 2013. (Doc. 1.) In
20 the petition, Petitioner alleges that immigration officials are holding him in detention
21 pending his removal to Pakistan. He argues that he is entitled to release from custody
22 because his detention, with no prospect that his removal will be effected in the reasonably
23 foreseeable future, is not authorized by law. *See Zadvydas v. Davis*, 533 U.S. 678 (2001)
24 (when there is no reasonable likelihood that a foreign government will accept an alien's
25 return in the reasonably foreseeable future, the INS may not detain the alien for more
26 than the presumptively reasonable period of six months); *Clark v. Martinez*, 543 U.S. 371
27 (2005) (extending the holding in *Zadvydas* to inadmissible aliens).
28          On January 14, 2014, Respondent filed a Notice to Court and Suggestion of

Mootness (Doc. 9), in which he submits that Petitioner has been removed from the United States pursuant to an immigration judge's order of removal. Attached to the notice, Respondent provides a copy of a Warrant of Removal/Deportation, which indicates that Petitioner was removed to Pakistan on January 10, 2014. (Doc. 9-1.) [1]

The Court lacks jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) ("It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies."). The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in its favor; "[t]hat is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

Here, in his habeas corpus petition, Petitioner "challenge[s] only the length of his detention, as distinguished from the lawfulness of the deportation order…" *Abdala v. INS*, 488 F.3d 1061, 1062 (9th Cir. 2007). It is not evident that Petitioner's removal gives "rise to collateral consequences that are redressable by success on his original petition." *Abdala*, 488 F.3d at 1065. "His petition [i]s thus rendered moot by his removal." *Id.* at 1062. The relief he requests can no longer be effected by the Court, and no "case or controversy" under Article III of the United States Constitution remains. *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because the petitioner only requested a release from custody and had been released the court could provide no further relief and the petition was properly dismissed). Therefore, the Court recommends that the Petition for Writ of Habeas Corpus be dismissed as moot. Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

---

[1]   On January 13, 2014, mail sent to Petitioner by the Clerk of Court was also returned as undeliverable. (Doc. 7.)

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of January, 2014.

Honorable Steven P. Logan
United States Magistrate Judge